90 F.3d 591
 319 U.S.App.D.C. 368
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
James A. MEDLEY, Appellant.
 No. 95-3102.
 United States Court of Appeals, District of Columbia Circuit.
June 26, 1996.
 
 Before: WILLIAMS, RANDOLPH, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's judgment of conviction be affirmed for the reasons set forth in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Appellant attacks the validity of his guilty plea on two principal grounds. First, he alleges that he never in fact plead guilty because he never uttered words such as "I am guilty." However, there is no "fixed colloquy" or "talismanic language" required in plea hearings, and the defendant's failure to utter the words "I am guilty" is not fatal to the validity of the plea. United States v. Williams, 20 F.3d 125, 133-34 & n. 9 (5th Cir.), cert. denied, 115 S.Ct. 239 (1994). The transcript contains ample evidence that appellant intended to plead guilty, and that the plea was knowing and voluntary. Second, appellant alleges that the government's evidence cannot support the aiding and abetting convictions. To the contrary, we find that the government's statement of evidence, which appellant explicitly accepted during the plea colloquy and in the plea agreement, amply supports his guilt as an accessory. In sum, the district court did not err in conducting the guilty plea inquiry, see, Fed.R.Crim.P. 11, and appellant has not shown that the "withdrawal of his guilty plea is necessary to correct a 'manifest injustice.' " United States v. Farley, 72 F.3d 158, 162 (D.C.Cir.1995) (quoting United States v. Watley, 987 F.2d 841, 847-48 (D.C.Cir.1993)).